IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS,<br>    *Petitioner*,<br><br>v.<br><br>STATE OF GEORGIA,<br>    *Respondent*. | CIVIL ACTION NO.<br>3:23-cv-00018-TES-CHW |

**ORDER DENYING MOTION TO APPEAL *IN FORMA PAUPERIS***

*Pro se* Petitioner Michael Alonza Rufus, an inmate at the Petersburg Low Federal Correctional Institution in Petersburg, Virginia, filed a petition for federal habeas corpus relief on February 16, 2023, [Doc. 1], and two, subsequent amended petitions. [Doc. 4]; [Doc. 7]. Petitioner also filed a motion for writ of mandamus requesting recusal of the judges assigned to this case. [Doc. 3]. On May 16, 2023, the United States Magistrate Judge entered a Recommendation of Dismissal, specifically recommending that Petitioner's motion for mandamus be denied and his Petition for writ of habeas corpus, including the amendment thereto, be dismissed without prejudice as successive. [Doc. 8]. The Court adopted that Recommendation on June 9, 2023. [Doc. 8]; [Doc. 10]. Later that same day, however, the Court received Petitioner's Objection, and therefore vacated its previous Order [Doc. 10] and issued a new Order adopting the Recommendation. [Doc. 12].

Petitioner filed a Notice of Appeal [Doc. 17] and the instant Motion to Appeal *In Forma Pauperis* [Doc. 19].

## DISCUSSION

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>    (A) shows . . . the party's inability to pay or to give security for fees and costs;
>    (B) claims an entitlement to redress; and
>    (C) states the issues that the party intends to present on appeal.
> (2) [I]f the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Petitioner is incarcerated; therefore, his funds are limited. Indeed, Petitioner states that he "has approximately

2

$10.05 in his inmate trust account." [Doc. 19, p. 1]. Although he "avers that he owns a mobile home valued [at] approximately $5000.00 ten plus years ago," he "has no personal or expected means of income." [*Id.*]. Given this, the Court finds Petitioner is unable to pay the filing fee. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

Next, the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted). To enable the Court to make such a finding, Petitioner must submit a statement of the issues an appellant intends to appeal,

as required under Federal Rule of Appellate Procedure 24(a)(1)(C).

Regarding Petitioner's substantive requests for a writ of habeas corpus, Petitioner appeared to be challenging his conviction in the Walton County Superior Court under case number 2011CR354. [Doc. 1]; [Doc. 7]. The magistrate judge recommended, in an order that the undersigned adopted, that Petitioner's petition for habeas corpus relief be dismissed because it does not appear, and Petitioner does not allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for his 1998 conviction. [Doc. 8, pp. 6–7]. And without such an order, the Court lacks jurisdiction to consider the successive claims. See § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

Because Petitioner's requests for a writ of habeas corpus are unauthorized successive claims, any argument Petitioner makes on appeal would be without merit and therefore not taken in good faith.[1] *See Capocci v. Butler*, No. CV 1:21-00201-WS-N, 2021 WL 6536664, at *3 (S.D. Ala. Dec. 28, 2021), *report and recommendation adopted*, No. CV 1:21-00201-WS-N, 2022 WL 164990 (S.D. Ala. Jan. 18, 2022); *Dover v. Butler*, No. CV 1:22-00095-KD-N, 2022 WL 2525320, at *2 (S.D. Ala. May 31, 2022), *report and recommendation adopted*, No. CV 1:22-00095-KD-N, 2022 WL 2517186 (S.D. Ala. July 6,

---

[1] Petitioner's ramblings to support his "Constitutional Challenges & Request For Preliminary and Permanent Injunctions" do not assist Petitioner in meeting the good faith requirement. [Doc. 19, pp. 2–4].

4

2022); *Woodson v. Sec'y Dep't of Corr.*, No. 02-21921-CIV-PAS, 2020 WL 5819808, at *2 (S.D. Fla. Sept. 29, 2020).

Consequently, the Court **DENIES** Petitioner's Motion to Appeal *In Forma Pauperis* [Doc. 19]. To proceed with this appeal, Petitioner must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 17th day of July, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**